**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------X

In Re:

INA PATEL,

                       Debtor.
----------------------------------------------------------X
AJAYKUMAR SHAH,

                       Plaintiff,
- against-

INA PATEL,

                       Defendant.
----------------------------------------------------------X

CHAPTER 7

Case No.: 07-28101 (MBK)

Ad. Pro. No. 08-1273 (MBK)

APPEARANCES:

Michael K.W. Nolan, Esq.
Nolan & Associates, L.L.C.
100 Jack Martin Boulevard
Brick, New Jersey 08724
Attorney for Plaintiff

Stuart M. Nachbar, Esq.
Middlebrooks, Shapiro, & Nachbar, P.C.
1767 Morris Avenue, Suite 2A
Union, New Jersey 07083-1716
Attorneys for Defendant

**MICHAEL B. KAPLAN, U.S.B.J.**

1

**MEMORANDUM DECISION**

**I.     JURISDICTION**

The court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a) and 157(b) and the Standing Order of the United States District Court, dated July 10, 1984, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a). The statutory predicate for the relief sought herein is 11 U.S.C. § 523(a)(2) and (6). The following constitutes the Court's findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.

**II.    FACTS AND PROCEDURAL HISTORY**

1. Between 1994 and 2003, Plaintiff Ajaykumar Shah ("Shah" or "Plaintiff") and the Debtor/Defendant Ina Patel ("Patel" or "Debtor") entered into discussions about purchasing a Quizno's Franchise.

2. In May 2003, Patel opened The Royal Deli, which she ran on a day-to-day business.

3. On September 22, 2003, Shah and Patel, individually, signed a Franchise Agreement with Quizno's Franchising LLC (the "Agreement"), a Colorado limited liability company.

4. On March 4, 2004, Patel completed a Quizno's Sub Personal Financial Statement disclosing her assets, liabilities and annual income.

5. On or about May 23, 2005, Shah and Patel entered into a Lease Agreement for the Quizno's franchise location. Business commenced at the location on March 31, 2006.

6. On April 22, 2006, Shah and Patel formed the company Jia Food, Inc. ("Jia"), doing business as Quizno's Sub, and entered into an agreement which provided that each party would "take a responsibility for all outstanding loans, bills and running the store, and lease. We are responsible to run the store, equally mutual understanding." Further, the parties specified that: (1) Shah would be responsible for marketing, administrating and banking; and (2) Patel would be responsible for managing the store on Saturday and Sunday until such time that the parties found a responsible person to do so.

7. Meanwhile, Jia had received a commercial loan from PNC Bank, N.A., in the amount of $210,000.00. The loan was intended to provide working capital to purchase equipment and prepare the location for operation.

8. It is unclear from the record how long Jia operated and whether the business was profitable. However, the record discloses an invoice from Source One Distribution, reflecting an outstanding balance of $50,781.11. That invoice was addressed to Shah, individually.

9. On December 7, 2007, Patel filed a Voluntary Petition under Chapter 7 of Title 11 of the United States Bankruptcy Code (the "Petition").

10. On March 25, 2008, Shah filed a complaint in an adversary proceeding alleging fraud by Patel, and seeking to have Patel's business obligations declared nondischargeable pursuant 11 U.S.C. §§ 523(a)(2) and (a)(6).

11. Patel moved for Summary Judgment on December 7, 2009, arguing that there were no issues of material fact and that the case should be decided in her favor as a matter of law. On January 14, 2010, Shah cross-moved for Summary Judgment.

12. The Court held oral argument on the motions on January 25, 2010. Rather than ruling on the competing motions for summary judgment, the parties stipulated to the evidentiary record and consented to the Court treating the motions as a trial on the papers.[1]

### III.   OPINION

Shah argues that the outstanding debt owing by Patel should be declared nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and (a)(6) because Patel committed fraudulent acts on which Shah relied, to his detriment. In particular, Shah alleges that: (1) Patel misrepresented her ability to manage the business because of her prior involvement with The Royal Deli; and, (2) Patel falsified her financial position on her personal financial statement to Shah and Quizno's. In that regard, Shah asserts that it is undisputed that Patel failed to partake in the operation of the business, thereby ensuring its failure, and that Patel failed to honor the parties' written agreement, and had no intention of honoring it. However, other than Shah's certification, there is no evidence that Patel misrepresented her ability to run a business or falsified her financial position. Moreover, notwithstanding Shah's ability to prove the allegations, he failed to demonstrate that Patel's involvement with The Royal Deli or her financial position were material to the parties' business

---

[1] While the Court cannot identify specific, direct authority permitting it to try this matter based on the paper record, the Court notes that authority exists indirectly based on the surrounding "penumbra" and agglomeration of the following provisions: Fed. R. Civ. P. 43(a); Fed. R. Evid. 102, 103(a), 403, & 611; and 11 U.S.C. § 105(a). Additionally, the parties have given the Court their full consent.

4

relationship. Accordingly, the Court finds that Shah has failed to sustain his burden to establish grounds to declare the debt owing by Patel to be nondischargeable.

Title 11 of the United States Code, section 523 (a)(2)(A) states:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

The section provides three avenues for proving a debt nondischargeable: "false pretenses," "false representations," or "actual fraud." Courts have held that "the use of the disjunctive 'or' demonstrates they embody somewhat different concepts." In re Hambley, 329 B.R. 382, 396 (Bankr. E.D.N.Y. 2005). As in all § 523 cases, the burden of proof is on the creditor to prove the debt nondischargeable by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 288-89 (1991). Thus, for purposes of this decision, the Court will examine whether Plaintiff has satisfied his burden of proof under any of the three § 523(a)(2)(A) grounds.

The first avenue is to establish that the debt was incurred by "false pretenses." Courts have defined that term to mean "conscious deceptive or misleading conduct calculated to obtain, or deprive, another of property." In re Kovler, 249 B.R. 238, 261 (Bankr. S.D.N.Y. 2000)). To establish that a debt was incurred by false pretenses, Plaintiff must establish: "(1) an implied misrepresentation or conduct by the [Debtor]; (2) promoted knowingly and willingly by the [Debtor]; (3) creating a contrived and misleading understanding of the transaction on the part of the [Plaintiff]; (4) which wrongfully induced

5

the [Plaintiff] to advance money, property, or credit to the [Debtor]." Hambley, supra, 329 B.R. at 396.

For a court to find a debt nondischargeable based on a "false representation," the Debtor must have: "(1) made a false or misleading statement; (2) with the intent to deceive; and (3) in order for the [Plaintiff] to turn over money or property to the [Debtor]." Id. To support a finding of false representation under § 523(a)(2)(A), it is sufficient to show that the Debtor made a "false or misleading statement about something, usually with the intent to deceive." In re Dobrayel, 287 B.R. 3, 12 (Bankr. S.D.N.Y. 2002) (citing Black's Law Dictionary 619 (7th ed.1999)). However, Plaintiff "must demonstrate that the representation was one of existing fact and not merely an opinion, expectation or declaration of intention." In re Showalter, 86 B.R. 877, 880 (Bankr. W.D.Va. 1988) (citing In re Criswell, 52 B.R.184, 196 (Bankr. E.D.Va. 1985)).

Finally, to declare a debt nondischargeable as a result of "actual fraud," Plaintiff must establish the classic "five fingers of fraud." Id. at 12. That is, Plaintiff must prove: 1) the Debtor made a material false representation; 2) at the time the Debtor knew it was false or showed reckless disregard for its truth; 3) the representation was made with the intent to deceive Plaintiff; 4) Plaintiff justifiably relied on the representation; and 5) Plaintiff sustained a loss as a result of the representation. Id.; In re Crim, 149 Fed.App'x. 427, 430 (5th Cir. 2005).

Essentially, Shah's argument is that, had he known of Patel's involvement with The Royal Deli, he would not have entered into the business venture with her. In support of this argument, he points to the Quizno's Franchise Agreement, which provides as follows:

6

> Franchisee agrees at all times faithfully, honestly, and diligently to perform its obligations under this Agreement, to use best efforts to promote its Restaurant, *and not to engage in any other business or activity that conflicts with the operation of the Restaurant in compliance with this Agreement.*

(Emphasis added). Shah contends that the language of this section limits the franchisee's ability to own and operate a separate business, and that Patel committed a fraud by signing the Agreement while owning and operating The Royal Deli.

Conversely, Patel asserts that she fully disclosed her previous ownership of The Royal Deli. Moreover, Shah has failed to show that any non-disclosure of that ownership by Patel constituted a "material false representation." Put differently, Shah has failed to establish that Patel could not successfully own more than one deli, making the ownership of The Royal Deli "material." Indeed, the Agreement does not prohibit Patel from owning or operating a separate business enterprise in the same general field.[2]

Shah also alleges that Patel "falsified her financial position on her personal financial statement to Quizno's and [Shah]." However, Shah has failed to provide any proof of such a misrepresentation. In fact, while Shah provided the Court with a copy of the Quizno's Personal Financial Statement completed by Patel, he failed to explain how that information was inaccurate. Therefore, Shah has failed to meet his burden to demonstrate that Patel materially misrepresented her financial position at the time Shah and Patel entered into the Agreement; thus, he cannot succeed on a claim under § 523(a)(2)(A).

---

[2] In fact, Shah admitted in his certification submitted with his cross-motion for summary judgment that he was unable to run the day-to-day operations of the Quizno's franchise due to his simultaneous ownership of a 7-eleven franchise. Therefore, Shah is guilty of the same wrongs that he alleges have been committed by Patel.

7

Shah also attempts to have the debt declared nondischargeable pursuant to §523(a)(6). That section provides that: "[a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity."11 U.S.C. §523(a)(6). As in the prior section, the burden of proof is on the Plaintiff by a preponderance of the evidence. *See,* Grogan v. Garner, 498 U.S. 279, 291 (1991); In re Sexton, 342 B.R. 522, 530 (Bankr. N.D. Ohio 2006).

"Willful" and "malicious" are defined by federal law. *See,* In re Little, 335 B.R. 376, 383 (Bankr. N.D. Ohio 2005). For purposes of §523(a)(6), "[o]nly acts done with intent to cause injury, and not merely acts done intentionally, rise to the level of willful and malicious injury." In re Sexton, 342 B.R. at 530 (citing Kawaauhau v. Geiger, 523 U.S. 57, 57-58 (1998)). As the Supreme Court explained, "[t]he word 'willful' in §523(a)(6) modifies the word 'injury', indicating that under §523(a)(6) takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." Kawaauhau, 523 U.S. at 61; In re Groff, 301 B.R. 644 (Bankr. D.N.J. 2003) (holding that, while the death of a child was the result of an action that was willful and intentional, the death itself was not intended, and therefore, §523(a)(6) was not satisfied).

Inasmuch as the requirements of § 523(a)(6) are set forth in the conjunctive, both willfulness and malice must be shown in order to prevail on a claim of nondischargeability. In re Sexton, 342 B.R. at 530. As opposed to "willfulness," an injury has been defined as "malicious" when it is: "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." In re Little, 335 B.R. at 384

8

(citing In re Sicroff, 401 F.3d 1101, 1106 (9th Cir. 2005)). Negligence and recklessness do not establish willful and malicious conduct. In re Ingui, 2006 Bankr. LEXIS 336, 2006 WL 637139 *2, n.2 (Bankr. E.D. Pa. 2006)(citing Kawaauhau, 523 U.S. at 64).

In the case at bar, Shah has failed to establish that Patel intentionally injured him. The record reflects a contentious relationship between the parties that caused the demise of an otherwise opportune business venture. Rather than sharing responsibility for the business as required by the Agreement, Shah operated the business, while Patel did not; yet, each party argues wrongdoing by the other. At best, this disagreement seems to be one in contract, rather than one of fraud, in that Shah expected Patel to contribute to day-to-day operations of the business, while Patel asserts that she was to occupy a passive business role. Therefore, he cannot succeed on a claim under § 523(a)(6).

### III.   CONCLUSION

For the aforementioned reasons, the Court finds that Plaintiff has not met his burden under §§ 523(a)(2)(A) or 523(a)(6). Judgment for the Debtor will be entered accordingly.

Dated:   February 22, 2010

/s/ Michael B. Kaplan
Honorable Michael B. Kaplan
United States Bankruptcy Judge